IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LANCE H. ARCTANDER,

                    Plaintiff                          Civil No. 07-3025-AA

            v.                                         OPINION AND                    .
                                                       ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant
_____

ARTHUR W. STEPHENS
Black, Chapman, Webber, Stevens,
Peterson & Lundblade
221 Stewart Avenue #209
Medford, OR 97501
        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904


1 - OPINION AND ORDER

DAVID R. JOHNSON
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
            Attorneys for Defendant

AIKEN, District Judge:

Plaintiff Lance Arctander ("Arctander") seeks judicial review of the Social Security Commissioner's final decision denying his application for benefits under Title XVI of the Social Security Act (the "Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision is affirmed.

## BACKGROUND

Born in 1961, Arctander applied for SSI on October 15, 2002, alleging disability since October 1, 2001. Tr. 74.[1] Arctander's October 2002 claim alleges disability due to extreme pain causing concentration difficulties and inability to bear weight, as well as fatigue and ongoing flu symptoms stemming from hepatitis C. Tr. 108.

Arctander's claim was denied initially and upon reconsideration. Tr. 47-49, 52-56. Hearings were held before an Administrative Law Judge ("ALJ") on December 14, 2005 and May 16, 2006. Tr. 374-412. The ALJ issued an unfavorable decision on July 26, 2006. Tr. 17-25. The Appeals Council accepted additional evidence into the record but denied review of the ALJ's decision, making her decision final. Tr. 6-9. Arctander presently appeals.

///

---

[1]The file indicates that Arctander filed a previous unsuccessful SSI application in February 2002. Tr. 60-64, 115-124.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).   Arctander challenges the ALJ's evaluation of the evidence and her conclusions at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).  At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.* At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations.   20 C.F.R. § 416.920(a)(4)(iii).  If the ALJ determines the impairment meets or equals a listed impairment, the claimant is disabled. 20 C.F.R. § 416.920(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 416.920(e), Social Security Ruling ("SSR") 96-8p.  The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 416.920(a)(4)(iv).  If the ALJ finds the claimant can do his past relevant work, he is not disabled. 20 C.F.R. § 416.920(f).  If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1099

(9th Cir. 1999), 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the

claimant can perform some other work that exists in the national economy, taking into consideration

the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the

Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.966, 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found Arctander's cervical degenerative disc disease, right hip avascular necrosis,

hepatitis C, carpal tunnel syndrome, and alcohol and substance abuse ("reportedly in remission")

"severe." Tr. 19. The ALJ found that Arctander's impairments do not meet or equal a listed disorder

at step three in the sequential proceedings. Tr. 20. The ALJ subsequently assessed Arctander's RFC:

> The claimant has the residual functional capacity to perform light
> work involving lifting 20 pounds occasionally, 10 pounds frequently;
> with the option to alternate sitting and standing every hour but
> including no more than 2 hours standing total. In addition, there
> should be no climbing ropes, ladders, or scaffolds and only occasional
> use of the hands.

Tr. 20. The ALJ found Arctander unable to perform his past relevant work at step four, but able to

perform other work in the national economy at step five. Tr. 23-24. The ALJ therefore found

Arctander not disabled at any time through the date of her decision. Tr. 25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied

proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193

(9th Cir. 2004).  This court must weigh the evidence that supports and detracts from the ALJ's

conclusion.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th 2007)(citing *Reddick v. Chater*, 157

F.3d 715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the

Commissioner.  *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir.

2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  *Id.*, *see*

*also Batson*, 359 F.3d at 1193.

## DISCUSSION

Arctander contends that the ALJ erroneously found that his impairments did not meet or

equal a listing at step three and improperly evaluated his credibility.  Consequently, Arctander

contends that the ALJ's step five findings are based upon insufficient evidence.

**I.    Medical Source Statements**

**A.    Listing 1.02**

Arctander contends that his impairments meet Listing 1.02.  Listing 1.02 addresses major

dysfunction of a joint "due to any cause."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.02.  The ALJ

concluded that Arctander's condition does not satisfy the severity requirements of the listings.  Tr.

20.  The ALJ found that "in particular there is no evidence of motor loss or reflex deficits, nor is

there evidence of positive straight leg raising (Exhibit 2F, 10F, 14F).  In addition, there is no

evidence that the claimant is completely unable to ambulate effectively without assistance (Exhibit

2F)."  *Id.*

Listing 1.02 requires "involvement of one major peripheral weight bearing joint (i.e. hip,

knee, or ankle) resulting in inability to ambulate effectively, as defined in 1.00B2b."  20 C.F.R. Pt.

404, Subpt. P, App. 1 § 1.02A. "Effective ambulation" means that an individual must be "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §1.00B2b. Examples of ineffective ambulation include an inability to walk without a walker, use of two crutches or two canes. *Id.* The ability to move about one's home without assistance does not constitute ineffective ambulation. *Id.*

Arctander submits that the record supports his use of a cane and that this establishes that he meets Listing 1.02. Pl. Opening Br. 6. The medical record shows that Arctander used one cane throughout the period in question. Tr. 217-18, 220, 250, 271, 276-77, 288-89, 299, 332. However, the use of one cane does not constitute ineffective ambulation. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §1.00B2b. While the record shows that Arctander attended an appointment following an all-terrain vehicle accident in a wheelchair, the ALJ correctly noted that the record does not reflect a prescription for a wheelchair. Tr. 22. Thus, the record supports the ALJ's finding that Arctander could effectively ambulate.

Arctander also asserts that his fatigue stemming from his hepatitis C, in combination with his alleged ineffective ambulation, establishes medical equivalence to Listing 1.02. Pl. Opening Br. 7. A determination that an impairment meets or equals a listing must be based upon medical evidence only. 20 C.F.R. § 416.929(d)(3); *Lewis v. Apfel,* 236 F3d 503, 514 (9th Cir 2001). For this reason, Arctander's reports of fatigue are properly addressed as symptom testimony. This is addressed below in the context of the ALJ's credibility decisions.

In summary, Arctander does not show that the ALJ inappropriately considered the medical evidence in her step three analysis. Arctander's submission that the record supports a finding that he meets or equals Listing 1.02 fails.

6 - OPINION AND ORDER

**B.      Disability Opinions**

Arctander also claims the ALJ failed to credit a nurse practitioner's opinion that he is disabled. Pl. Reply Br. 6. A nurse practitioner is not an acceptable medical source. 20 C.F.R. § 416.913(d). Disability determinations are reserved for the Commissioner and the ALJ is not bound by any medical source statements indicating disability. 20 C.F.R. § 416.927(e). For these reasons, the ALJ was not bound a nurse practitioner's disability opinion and this argument fails.

In summary, the ALJ's review of the medical evidence is based upon the record and is therefore affirmed.

**II.      Arctander's Credibility**

Arctander contends that his testimony regarding his fatigue should be credited because the ALJ erroneously predicated her credibility decision upon his alcohol use, work history, and activities of daily living. Pl. Opening Br. 7. The ALJ's credibility determination discusses Arctander's work history and activities of daily living. Tr. 21.

**A.      Credibility Evaluation**

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter*, 504 F.3d at 1036 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's

functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because " the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

**B.    Arctander's Alcohol Use**

Arctander asserts that the ALJ improperly considered his drug and alcohol use. Pl. Opening Br. 8-9. The ALJ noted Arctander's testimony regarding his drug and alcohol abuse (tr. 21) but the ALJ's credibility determination and discussion does not cite this finding. *Id.* For this reason, Arctander's submission that the ALJ inappropriately cited his drug and alcohol use in her decision fails.

**C.    Arctander's Work History**

The ALJ noted that Arctander's reported work history was "limited" and cited Arctander's testimony that he performed unreported work. Tr. 21. Arctander now asserts that the ALJ improperly relied upon his "off the books work" in finding him not credible. Pl. Opening Br. 9.

An ALJ may consider a claimant's work history in her credibility determination. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), *Smolen*, 80 F.3d at 1284. Here, the ALJ noted that Arctander's reported work history was limited. The record supports this finding and it is therefore affirmed.

Arctander also contends that "given Plaintiff's candor in testifying at the hearing concerning [unreported] contract labor positions" the ALJ should not have cited this testimony in rejecting his

8 - OPINION AND ORDER

symptom testimony. Pl. Br. 9-10, citing *Smolen*, 80 F.3d at 1283-84 and SSR 96-7p. While the ALJ must give specific reasons for finding a claimant's symptom testimony not credible, the ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid." *Smolen*, 80 F.3d at 1284. SSR 96-7p states that the ALJ may consider any "relevant" evidence in the record, but cautions that an ALJ must cite "specific reasons" for her credibility finding.    SSR 96-7p at *2 (1996 WL 374186).

The ALJ's discussion of Arctander's unreported work is based upon Arctander's own testimony and his earnings statements. Tr. 77-102, 392. The ALJ's reference to Arctander's unreported work is sufficiently specific and supported by the record. This finding is therefore affirmed.

### D.    Arctander's Activities of Daily Living

Finally, the ALJ noted that Arctander cared for a toddler, horses, and dogs, as well as performed mechanic work as a hobby. Tr. 21. The ALJ found these activities inconsistent with Arctander's submission that he could be active for no more than fifteen minutes due to pain. *Id.* "Although the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [claimant], the ALJ's interpretation was rational, and "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (*citing Magallanes*, 881 F.2d at 750). This court therefore must affirm the ALJ's finding that Arctander's activities of daily living contradict the limitations described in his testimony.

In summary, the record supports the ALJ's credibility findings. Contrary to Arctander's

assertion, the ALJ did not discount Arctander's symptom testimony because it was unsupported by the medical record. Once a claimant shows an underlying impairment, which Arctander did, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony. *Smolen*, 80 F.3d at 1281. This analysis may cite the medical record in concert with other credibility factors discussed above. *Robbins*, 466 F.3d at 883, *see Smolen*, 80 F.3d at 1284. The ALJ gave sufficient reasons for rejecting Arctander's testimony and the ALJ's credibility finding is therefore affirmed.

### III.    The ALJ's Step Five Findings

Drawing upon the testimony of a vocational expert ("VE"), the ALJ found that Arctander could perform additional work in the national economy at step five. Tr. 24. The ALJ's hypothetical questions to the VE included limitations supported by the medical evidence. Tr. 403-04. In making her findings based upon the VE's testimony, the ALJ did not include additional limitations suggested by Arctander's counsel. The VE stated that a hypothetical individual with Arctander's supported RFC could perform work existing in significant numbers in the national economy. Tr. 404-05.

Arctander now submits that the ALJ's hypothetical questions to the VE failed to reflect all of his limitations. Pl. Opening Br. 17. The ALJ is not required to include unsupported limitations in her hypothetical questions to a VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001). For the reasons established above, Arctander fails to show error in the ALJ's RFC assessment. The ALJ appropriately relied upon this RFC and the VE's testimony in her step five finding. *Id*. The ALJ's questions to the VE are based upon substantial evidence and the ALJ's step five finding is therefore affirmed.

### CONCLUSION

The Commissioner's decision that Arctander did not suffer from disability and is not entitled

to benefits under Title XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case dismissed.

IT IS SO ORDERED.

Dated this _24_ day of January, 2008.

Ann Aiken
United States District Judge

11 - OPINION AND ORDER